1  André E. Jardini, Bar No. 71335
   aej@kpclegal.com
2  Hilary M. Goldberg, Bar No. 237993
   hmg@kpclegal.com
3  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
4  Glendale, California 91203-1922
   Telephone: (818) 547-5000
5  Facsimile: (818) 547-5329

6  Joseph S. Farzam, Bar No. 210817
   farzam@lawyer.com
7  JOSEPH FARZAM LAW FIRM
   1875 Century Park East, Suite 1345
8  Los Angeles, California 90067
   Telephone: (310) 226-6890
9  Facsimile: (310) 226-6891

10 Attorneys for Plaintiff and Counter-Defendant
   PI-NET INTERNATIONAL, INC.

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15 PI-NET INTERNATIONAL, INC.,          ) NO.   CV12-04962 PSG, Reassigned
                                         ) to The Hon. Paul S. Grewal; (Related
16              Plaintiff,               ) to Case Nos. CV 12-04958 PSG;
            v.                           ) CV12-04959 PSG; 12 CV-05730 PSG;
17                                       ) CV 12-05732 PSG; 12 CV-05733
   PRESIDIO BANK,                        ) PSG)
18                                       )
                Defendant.               ) Date:          August 9, 2013
19 _____       ) Time:          1:30 p.m.
                                         ) Ctrm:                5
20 PRESIDIO BANK,                        )
                                         ) Judge:   The Hon. Paul S. Grewal
21              Counter-Claimant,        )
            v.                           ) PLAINTIFF AND COUNTER-
22                                       ) DEFENDANT PI-NET
   PI-NET INTERNATIONAL, INC.,           ) INTERNATIONAL, INC.'S
23                                       ) OPPOSITION TO DEFENDANT
                Counter-Defendant.       ) AND COUNTER-CLAIMANT
24 _____       ) PRESIDIO BANK'S MOTION TO
                                         ) STAY
25 AND RELATED CASES.                    )
                                         )
26 _____       )

27

28

                            -1-

1771065.1  08000/00962

1      Plaintiff Pi-Net International, Inc. hereby submits its opposition to Defendant

2 Presidio Bank's motion to stay litigation pending *inter partes* review.

3 **I.**

4 **INTRODUCTION**

5      This case should not be stayed pending the outcome of *inter partes* reviews of

6 U.S. Patent Number 8,108,492 ("'492 patent") and U.S. Patent Number 5,987,500

7 ("'500 patent") filed by third party petitioner SAP America, Inc. The Patent Office

8 **has not accepted the petitions** and is not required to make a determination

9 concerning whether an examination will commence until the end of September.

10 (Declaration of André E. Jardini, Exhibits 1-3.) If an examination is initiated, the

11 PTO has an additional 12-18 months to conclude its examination and render a final

12 determination, or the end of **March 2015**.

13      Stays are not automatic; to the contrary, case after case makes it clear that

14 reexamination-based stays must be predicated on the facts presented. Moreover,

15 Plaintiff objects to the significant delay a stay would impose on these proceedings.

16 And there is no guarantee that, even if review is granted, that a final determination

17 will meaningfully simplify the issues before the Court, yielding any resulting

18 efficiency. Indeed, the issues raised now by SAP in its petitions have already been

19 addressed and resolved by the PTO. Moreover, the parties and the Court can achieve

20 an earlier and more efficient resolution by proceeding to an early *Markman* hearing.

21 Accordingly, this Court should exercise its discretion to deny the motions to stay

22 brought by defendant as a stay in these cases will prejudice plaintiff and will not

23 serve the interests of judicial economy.

24 **II.**

25 **ARGUMENT**

26 **A.**   **The Court Should Not Stay Proceedings Pending The Inter Partes Review**

27      Staying a patent case during reexamination is discretionary. *Nippon Steel &*

28 *Sumito Metal Corp. v. POSCO*, CIV.A. 12-2429 DMC, 2013 WL 1867042 (D.N.J.

KNAPP,
PETERSEN
& CLARKE

1   May 2, 2013) citing *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328

2   (Fed.Cir.2001); *Ethicon Ins. Co. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988).

3   The party seeking a stay of civil litigation bears a burden of showing it is

4   appropriate. *Id.* citing, *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81

5   L.Ed. 153 (1936).

6       The decision to stay litigation pending reexamination is within the discretion

7   of the Court, which has the inherent power to manage its docket. *Patlex v.*

8   *Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).  And while this Court has broad

9   discretion to grant or deny a stay pending reexamination, it "is under no obligation to

10   delay its own proceeding by yielding to ongoing PTO patent reexaminations,

11   regardless of their relevancy to infringement claims which the court must analyze."

12   *Athena Feminine Technologies Inc. v. Wilkes*, C 10-04868 SBA, 2012 WL 1424988

13   (N.D. Cal. Apr. 24, 2012); see also *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp.

14   2d 556, 563 (E.D. Va. 2007).  As one court opined, adopting a per se rule of staying

15   patent cases pending reexamination "would not promote the efficient and timely

16   resolution of patent cases, but would invite parties to unilaterally derail timely patent

17   case resolution by seeking reexamination." *Soverain Software LLC v. Amazon.com,*

18   *Inc.*, 356 F. Supp. 2d 660, 662-663 ((E.D. Tex. 2005) (emphasis added); see also

19   *Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*, 2007 WL 1052883, at *1

20   (N.D. Cal. Apr. 5, 2007)  ("If litigation were stayed every time a claim in suit

21   undergoes reexamination, federal infringement actions would be dogged by fits and

22   starts.  Federal court calendars should not be hijacked in this manner.").  Generally,

23   if a stay would "more likely than not delay the district court proceedings without any

24   countervailing benefit, the court should proceed with the merits of the case without

25   the benefit of the Patent Office reexamination." *Biomet Biologics, LLC v. Bio Rich*

26   *Med., Inc.*, SACV 10-1582 DOC, 2011 WL 4448972 at *1 (C.D. Cal. Sept. 26,

27   2011), citing *Agar Corp. v. Multi-Fluid Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex.

28   1997).

KNAPP,
PETERSEN
& CLARKE

-3-

1    The America Invents Act does not mandate or require a stay of litigation,

2    merely because of an IPR review. "Congress decidedly did not provide for an

3    automatic litigation stay upon the commencement of reexamination proceedings,

4    perhaps to account for individual circumstances of a unique case." *Nippon Steel &*

5    *Sumito Metal Corp., supra.* Importantly, Congress expressly omitted from the

6    previous *inter partes* reexamination, and again from its replacement -- *inter partes*

7    review -- automatic stay provisions from the final statutes because, like here, the

8    facts may dictate that litigation and reexamination proceed concurrently. See *Eon*

9    *Corp. IP Holdings, LLC v. Skytel Corp.*, No. 6:08-CV-385, 2009 WL 8590963, at *2

10   (E.D. Tex. Apr. 29, 2009).

11   In deciding whether to stay a given matter pending reexamination, courts

12   frequently consider three factors:

13          (1)    whether the stay would unduly prejudice or present a

14                 clear tactical disadvantage to the non-moving party;

15          (2)    whether a stay will simpl[ify] the issues in question

16                 and trial of the case; and

17          (3)    whether discovery is complete and whether a trial

18                 date has been set.

19   *Nippon Steel & Sumito Metal Corp., supra*, 2013 WL 1867042.

20   Application of these factors does not warrant a stay in this case, but in fact,

21   demonstrates why a stay is untenable. In deciding whether to grant a stay, the Court

22   must "weigh competing interests and maintain an even balance." *Landis v. North*

23   *American Co.*, 299 U.S. 248, 254 (1936).

24   **1.    A Stay Will Not Simplify The Issues Before The Court And Will**

25   **Not Streamline The Trial**

26   "If regardless of the result of the reexamination, there are still claims or

27   counterclaims that need to be resolved by the Court, then reexamination clearly fails

28   to provide a final resolution." *Athena Feminine Technologies Inc. v. Wilkes*, C 10-

KNAPP,
PETERSEN
& CLARKE

1771065.1  08000/00962

1  04868 SBA, 2012 WL 1424988 (N.D. Cal. Apr. 24, 2012) citing *IMAX Corp. v. In–*
2  *Three, Inc.* 385 F.Supp.2d 1030, 1032–1033 (C.D.Cal.2005).) The statistics
3  provided by defendant present no guarantee that the issues before the Court will be
4  simplified, nor that trial will be streamlined.  Indeed, the statistics confirm that, in
5  many instances, patents survive review with many, if not all, claims intact.

6        Indeed, one court noted that staying pending reexamination further
7  complicates, not simplifies, issues in the case. *Roy-G-Biv Corp. v. Fanuc Ltd.*,
8  CIV.A.2:07-CV-418(DF, 2009 WL 1080854 (E.D. Tex. Apr. 14, 2009.) As the *Roy-*
9  *G-Biv* Court noted in denying defendant's motion to stay, "[i]t is difficult to gauge, at
10 this early stage in the reexamination process, how likely it is that any of RGB's
11 patent claims will be cancelled or modified through amendment. Furthermore, it is
12 this Court's experience that the reexamination process may actually complicate a
13 case by creating additional prosecution history estoppel and disavowal arguments
14 that must be addressed during claim construction. To convince this Court that a stay
15 will actually simplify a case, the requesting party must do more than merely proffer
16 oft-cited reexamination statistics and generic judicial efficiency arguments."
17 Similarly here, the IPR process has not yet initiated, and the PTO has until the end of
18 September to decide whether to commence IPR.

19        Further, the issues raised in SAP's petition have already been fully considered
20 and resolved by the Patent office.  As a preliminary matter, plaintiff notes that
21 Chelliah (5,710,887) was raised by the examiner as an objection during the
22 prosecution of the '492 patent.  The patentee responded, the examiner was
23 convinced, and the patent issued.  Moreover, Gifford (5,724,424), Valentino
24 (4,648,037) and Lipis (which predates the internet) have been disclaimed by the
25 patentee in its 5,778,178 patent (1:19-2:31 and 5:19-45), which shares a common
26 specification with the '492 and '500 patents.  Defendant's motion to stay thus is
27 premature because the PTO has not granted review of the patents, and is not likely to.
28 Because the PTO has not granted review, there is no basis upon which to stay this

KNAPP,
PETERSEN
& CLARKE

matter. Accordingly, this factor weighs against granting the stay.

**2.** **The Parties Have Engaged In Significant Discovery And Plaintiff Has Made A Voluminous Document Production, Advancing This Case Towards Claim Construction and Trial**

Contrary to defendant's assertions, this case is not in its infancy. Plaintiff's complaint was filed in September of 2012. During the ten months this case has been pending, it has easily progressed further than the reexamination proceedings, which have yet to commence, if at all. This weighs against a stay. See, e.g., *JuxtaComm–Texas Software v. Lainer Parking*, 2011 WL 3322554, at *2 (E.D.Tex. Aug. 2011) ("the proper inquiry considers the stage of the litigation in comparison to the stage of the PTO examination); *Cooper Notification, Inc. v. Twitter, Inc.*, CIV. 09-865-LPS, 2010 WL 5149351 at *3(D. Del. Dec. 13, 2010) ("Turning to the status of the litigation, this case is still at a relatively early point, but so, too, is the reexamination. This conclusion is all the more compelling, in the Court's view, given the even earlier stage of the reexamination.")

Defendant mischaracterizes the extent of the parties' discovery and the magnitude of Plaintiff's document production. Plaintiff has responded to 54 Requests for Production propounded by Defendant, and 16 multi-part interrogatories. Further, Plaintiff has expended considerable resources compiling and organizing hundreds of thousands of documents and making them available to defendants on a highly sophisticated, searchable online platform, as well as producing them on hard-drive. (Declaration of André E. Jardini ¶ 6.)

**3.** **A Stay Would Unduly Prejudice Pi-Net and Present a Clear Tactical Advantage for the Moving Party**

The consequences of the stay on the nonmoving party are a paramount consideration in determining whether to grant a stay. *See, e.g., Ultra Products, Inc. v. Antec, Inc.*, C 09-04255 RS, 2010 WL 1688538 at *3 (N.D. Cal. Apr. 26, 2010) (denying motion for stay filed after change of venue in light of prejudice and

KNAPP,
PETERSEN
& CLARKE

1771065.1  08000/00962

inferences that defendants' delay was "tactically driven"); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005), *citing Landis*, 299 U.S. at 255 (noting the moving party must make out a clear case of hardship or inequity if there is even a fair possibility that the stay for which it prays will work damage to someone else). District courts have repeatedly recognized that reexaminations cause long, indefinite delays. *See Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. 94017, at n. 3 (N.D. Cal. Sept. 28, 2009) (citation omitted) (stating that the Federal Circuit recently noted that the number of reexamination requests is increasing, as is the time for completion of reexamination and appeal in the PTO, as well as the right of judicial review); *Life Technologies Corp. v. Illumina, Inc.*, CIV.A.09-706-RK, 2010 WL 2348737 at *3(D. Del. June 7, 2010) (noting potential prejudice from long delay and "the indefinite nature of the stay"). "When a party moves to stay litigation pending PTO reexamination, the non-moving party may be unduly prejudiced by the lapse of time during reexamination." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03-1431 SBA, 2007 WL 1655625 at *5 (N.D. Cal. June 7, 2007). Here, although Defendant contends that the new *inter partes* review process guarantees a shorter review period, simple math dictates that it will very well be until the end of **March 2015** before the IPR process concludes. If the stay is granted, it could be *years* before adjudication of PI-Net's claims.

As recognized by the recent decision denying a motion to stay in *Davol, Inc. v. Atrium Med. Corp.*, CIV.A. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013), where the PTO proceedings have yet to be initiated, that factor weighs against a stay:

> [T]he status of the inter partes review is cause for
> some concern. As Davol points out, the PTO proceedings
> are in their earliest stage and could be expected to last for
> nearly two years. (Citations) The PTO has not yet decided
> whether to grant Atrium's petitions, and it is reasonable to

KNAPP,
PETERSEN
& CLARKE

| | |
|---|---|
| 1 | assume that the process may continue into 2015. |
| 2 | (Citations.)  The court recognizes that such a delay risks |
| 3 | unnecessarily impairing Davol's patent rights, and finds |
| 4 | that this sub-factor weighs against granting a stay. |

5      A stay in this case would clearly prejudice Pi-Net and would create an undue

6 burden upon this Court.  A stay would also result in an unfair tactical advantage to

7 defendant, who may obtain disproportionate bargaining power if the case is stayed,

8 impairing plaintiff's patent rights.

9      A stay will also prejudice Pi-Net by potentially preventing Pi-Net from

10 obtaining key evidence that may be lost while the reexaminations are pending.

11 Documents could be misplaced and the memories of key fact witnesses are likely to

12 fade with time, making it more difficult for Pi-Net to prove its case. *See Interwoven,*

13 *Inc. v. Vertical Computer Sys., Inc.*, C 10-04645 RS, 2012 WL 761692 at *3 (N.D.

14 Cal. Mar. 8, 2012) (denying stay and noting that plaintiff would be "strategically

15 prejudiced by a stay" because "[e]vidence, witness availability, and memory

16 concerning the pertinent timeframe will likely become more stale and difficult to

17 retrieve as time passes.")  Accordingly, the fact that Pi-Net will suffer significant

18 prejudice weighs in favor of denying the request for a stay.

19 ////

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

KNAPP,
PETERSEN
& CLARKE

-8-

# III.

## CONCLUSION

Based on the foregoing analysis of fact and law, plaintiff respectfully requests this court deny defendant's motion to stay.

Dated: July 12, 2013                    KNAPP, PETERSEN & CLARKE


                                        By: /s/ André E. Jardini
                                            André E. Jardini
                                            Hilary M. Goldberg
                                            Attorneys for Plaintiff and Counter-
                                            Defendant PI-NET
                                            INTERNATIONAL, INC.

1771065.1  08000/00962