| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| PI-NET INTERNATIONAL, INC., | ) | Case No. C-12-4958 PSG |
| | ) | Case No. C-12-4959 PSG |
| Plaintiff, | ) | Case No. C-12-4962 PSG |
| | ) | |
| v. | ) | **ORDER RE: DEFENDANTS' MOTION** |
| | ) | **FOR RECONSIDERATION OF ORDER** |
| FOCUS BUSINESS BANK, | ) | **CONDITIONALLY GRANTING** |
| | ) | **DEFENDANTS' MOTIONS TO STAY** |
| Defendant. | ) | **LITIGATION PENDING INTER** |
| | ) | **PARTES REVIEW AND RE: PRESIDIO** |
| | ) | **BANK'S RESPONSE TO THE** |
| PI-NET INTERNATIONAL, INC., | ) | **COURT'S CONDITIONAL STAY** |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | **(Re: Docket No. 59, Case No. C-12-4958)** |
| v. | ) | **(Re: Docket No. 56, Case No. C-12-4959)** |
| | ) | **(Re: Docket No. 68, Case No. C-12-4962)** |
| BRIDGE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| PI-NET INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRESIDIO BANK, | ) | |
| | ) | |
| Defendant. | ) | |

1

Case Nos.: 5:12-cv-04958, -4959, 4962-PSG.
ORDER

On August 16, 2013, the court entered an order conditionally staying these cases in view of a pending *Inter Partes* Review ("IPR") proceeding at the United States Patent and Trademark Office ("PTO") challenging the validity of the patents-in-suit.[1]  The stay was explicitly conditioned on Defendants' acquiescence to be bound by the same estoppel that limits IPR petitioners under 35 U.S.C. § 315(e).[2]  Defendants Focus Business Bank ("Focus") and Bridge Bank, N.A. ("Bridge") notified the court that they do not consent to the full estoppel provisions of Section 315(e) and would only agree to be bound by any arguments that the IPR petitioner actually did raise, but not to those that "reasonably could have been raised" during IPR.[3]  In the same filing, Focus and Bridge also moved for leave to file a motion for reconsideration of the Conditional Stay Order, which the court granted in order to fully understand and consider the defendants' representations with respect to their relationship with SAP.[4]  Unlike Focus and Bridge Bank, Defendant Presidio Bank, would consent to the court's proposed estoppel on all arguments that SAP raised or reasonably could have raised before the PTO in order to obtain a stay, but also joins Focus and Bridge in the seeking reconsideration of that order.[5]

On September 20, 2013, the PTO granted SAP's IPR petitions with respect to all 25 claims for which SAP sought review.  All but two of the claims asserted by Plaintiff in this litigation are now being reviewed by the PTO based on the PTO's determination that there is "a reasonable

---

[1] *See* Docket. No. 58.  All docket citations are to Case No. 12-4958 unless otherwise noted.

[2] Under Section 315(e), the IPR petitioner, SAP America, Inc. ("SAP"), is estopped from later asserting arguments that were raised or reasonably could have been raised during the IPR proceeding.  Because the defendants are not parties to the IPR petition, they are not bound by this statutory provision.

[3] Docket. No. 59.

[4] *See* Docket. Nos. 59, 60.

[5] *See* Docket. No. 68, Case No. 12-4962.

2
Case Nos.: 5:12-cv-04958, -4959, 4962-PSG.
ORDER

likelihood" that the claims are invalid.[6] The two asserted claims not under review at the PTO are claim 7 of U.S. Patent No. 5,987,500 ("'500 Patent") and claim 13 of U.S. Patent No. 8,108,492 ("'492 Patent").[7] However, claim 7 of the '500 Patent and claim 13 of the '492 Patent depend from claims 1 and 12 of those respective patents, both of which are under review by the PTO. In granting the IPR petitions, the PTO already declined to review the claims based on certain anticipatory references and certain obviousness combinations.[8] Thus, a variety of arguments that SAP raised and the PTO has already rejected are now unavailable to the defendants under their revised estoppel proposal. In view of the PTO's broad review of a vast majority of the asserted claims in this litigation (and all of the asserted independent claims), the PTO's determination is likely to simplify the issues before the court. Indeed, in the decision instituting IPR, the PTO has already construed eight terms in the '492 Patent and six terms in the '500 Patent under the broadest reasonable interpretation standard. While the PTO's claim construction is not binding on this court, the PTO's claim construction record would certainly benefit the court in any future construction analysis. If after review the PTO invalidates the claims after review, or even a handful of the claims, the issues before the court would be significantly fewer, or the parties may be inclined to settle the case entirely. Alternatively, if the PTO review causes Plaintiff to amend its claims, the amendments could create intervening rights, which would significantly limit Plaintiff's damages at trial.

Although the court previously had expressed concerns about gamesmanship based on SAP's apparent relationship with Defendants, at the hearing on the motion for reconsideration,

---

[6] *See* 35 U.S.C. § 314(a) ("The Director may not authorize an [IPR] to be instituted unless the Director determines that the information presented in the petition . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.").

[7] *See* Docket. No. 43-1 at ¶8.

[8] *See* Docket. Nos. 70-1, 70-2.

3

Case Nos.: 5:12-cv-04958, -4959, 4962-PSG.
ORDER

Focus and Bridge represented that, while they were notified of the IPR petitions, they had no occasion to see SAP's filings or provide any input on the arguments that SAP presented to the PTO prior to SAP's submission. Presidio represented to the court that it was not aware of SAP's IPR petitions until much later. The court is still troubled by Defendants' apparent relationship with SAP and the "avoidance" of the full estoppel provisions of the AIA that would apply to them if they were themselves petitioners. Despite this very real concern, however, the court must accept Defendants' representations and cannot simply ignore that the IPR proceeding and defendants' proposed estoppel (although more limited) carries the potential to significantly limit, if not entirely resolve, the issues to be decided in the present litigation.

Having reconsidered the court's previous decision based on the new facts made available to the court (in particular, the PTO's decisions to broadly grant the IPR petitions and the parties representations to the court at the hearing), the court GRANTS defendants' motion for reconsideration and will order a stay conditioned on Defendants' agreement to be estopped from raising any invalidity reference, or combination of references, that was already presented to the PTO in SAP's IPR petitions, including those for which the PTO declined to institute review.[9] All other conditions in the original Conditional Stay Order (Docket. No. 58, Case No. 12-4958) remain in effect. The parties have until October 11, 2013 to file notification of their respective acceptances of this revised estoppel condition. Upon receipt of all Defendants' notices, and assuming all Defendants consent, the stay goes into immediate effect upon receipt of the Defendants' consent.

---

[9] Last week, in *e-Watch, Inc. v. Lorex Canada, Inc.*, the Southern District of Texas applied a similarly limited estoppel to the defendant who was not the IPR petitioner with respect to two of the three patents in suit. *See* Case No. 12-cv-03314 (S.D. Tex. Sept. 26, 2013). In *In re Bear Creek Technologies, Inc. ('722) Patent Litigation*, the District of Delaware also recently applied a narrower limited estoppel to the defendants who were not IPR petitioners, estopping defendants from asserting obviousness combinations that were actually presented to the PTO, but allowing defendants to re-assert anticipatory references. *See* Case No. 12-cv-02344 (D. Del. Aug. 6, 2013).

<50>
<50>
<50>
<50>

<50>
<50>

<50>

<50>

<50>
<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

<50>

**IT IS SO ORDERED.**

Dated: October 3, 2013

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Case Nos.: 5:12-cv-04958, -4959, 4962-PSG.
ORDER