UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDIO BANK,<br><br>Defendant. | Case No. 12-cv-04962-TSH<br><br>**ORDER RE: MOTIONS TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. Nos. 113, 116 |

## I. INTRODUCTION

Although this patent case was originally filed by Pi-Net International, Inc. in 2012, Pi-Net and Dr. Lakshmi Arunachalam, the inventor of the patents-in-suit, moved to substitute parties in 2015 after Pi-Net assigned title to the patents at issue to Dr. Arunachalam. ECF No. 81. The Court granted the request, but Pi-Net's counsel (André E. Jardini and K.L. Myles of Knapp, Petersen & Clarke; and Joseph Farzam of the Joseph Farzam Law Firm) remained counsel of record for Dr. Arunachalam. ECF No. 84. Now pending before the Court are two Motions to Withdraw as Counsel for Dr. Arunachalam. *See* ECF Nos. 113 (Motion to Withdraw filed by André E. Jardini and K.L. Myles); 116 (Motion to Withdraw filed by Joseph Farzam). The Court finds these motions suitable for disposition without oral argument and **VACATES** the October 4, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motions for the following reasons.

## II. BACKGROUND

At the time it filed this case on September 24, 2012, Pi-Net owned U.S. Patents Nos. 5,987,500 ("'500 Patent") and 8,108,492 ("'492 Patent). Compl. ¶¶ 8-9, ECF No. 1. Pi-Net claimed infringement of the '500 and '492 Patents by Defendant and sought both money damages and a permanent injunction of its allegedly infringing activities. *Id.* ¶¶ 16-29.

On June 28, 2013, Defendant moved to stay the case pending outcome of inter partes review of the '500 patent and '492 patents in the United States Patent and Trademark Office. ECF No. 44. The judge assigned to this case at the time, Magistrate Judge Paul Grewal, conditionally granted Defendant's motion on August 16, 2013 (ECF No. 64) and then stayed the case on October 17, 2013 (ECF No. 74). The parties then filed six joint status reports from December 12, 2013 through March 19, 2015. ECF Nos. 75-80. According to the March 19 report, Dr. Arunachalam filed a Notice before the Patent Trial and Appeal Board ("PTAB") indicating Pi-Net assigned the '500 and '492 patents to Dr. Arunachalam. ECF No. 80. The parties also indicated that the PTAB issued a Final Written Decision on each patent on September 18, 2014, finding that claims 1-6, 10-12, 14-17, and 35 of the '500 patent and claims 1-8 and 10-12 of the '492 patent are unpatentable. *Id.*

On May 1, 2015, Pi-Net and Dr. Arunachalam moved to substitute parties under Federal Rule of Civil Procedure 25(c), stating Pi-Net assigned title to the '500 and '492 patents to Dr. Arunachalam as the inventor, and Dr. Arunachalam was therefore the proper party plaintiff to proceed in this action. ECF No. 81. Defendant filed a statement of non-opposition. ECF No. 83. On May 18, 2015, Judge Grewal granted the motion. ECF No. 84. Judge Grewal resigned from the court on June 3, 2016, after which the case was reassigned to Magistrate Judge Maria-Elena James. ECF No. 86.

On June 15, 2018, Defendant filed a Status Report Letter, indicating it had "attempted to reach counsel for Plaintiff Pi-Net International, Inc., but to no avail." ECF No. 98. Defendant stated that review had concluded in the inter partes review proceedings and that the PTAB found in Final Written Decisions that the challenged patent claims were unpatentable. *Id.* Defendant also indicated that Dr. Arunachalam's appeals of those decisions to the Federal Circuit had been dismissed. *Id.* Based on Defendant's filing, Judge James ordered the parties to file a joint status report "indicating the effect(s) of the [PTAB's] Final Written Decisions on this action and how they intend to proceed, including whether the Court should lift the stay." ECF No. 99. The parties filed a Joint Status Report on July 9, 2018. ECF No. 100. Dr. Arunachalam's portion of the report states "Plaintiff has an additional virgin patent, U.S. Patent No. 7,930,340 that may be

2

relevant to the instant litigation, and appears unaffected by the PTAB's Final Written Decision." Defendant states "Plaintiff's purported 'additional virgin patent' is entirely irrelevant to this case," and notes that it asked Plaintiff to consider stipulating to dismissal of this case, but "Plaintiff's counsel has indicated that Plaintiff is adamantly opposed to dismissal."

After the parties' July 9 joint status report, Dr. Arunachalam begin filing her own statements as a "*Pro Se* Plaintiff." *See* ECF Nos. 102, 103. Dr. Arunachalam also filed a Motion for Permission for Electronic Case Filing, ECF No. 14, which Judge James initially granted, ECF No. 105. However, Judge James subsequently ordered Dr. Arunachalam to file a statement clarifying whether any attorney or law firm continued to provide representation. ECF No. 106. As Dr. Arunachalam responded with a request for self-representation, ECF No. 108, Judge James informed her attorneys that they remained counsel of record unless the Court permits their withdrawal from the case under Civil Local Rule 11-5. ECF No. 109. Judge James reversed her order granting Plaintiff permission to efile and required that all communication with the Court must be made through counsel. *Id.*

On July 31, 2018, André E. Jardini and K.L. Myles filed Notices of Withdrawal. ECF Nos. 110-11. Judge James denied the notices without prejudice and informed counsel that any request to withdraw must comply Civil Local Rules 7 and 11. ECF No. 112. Counsel subsequently filed the pending motions, indicating Dr. Arunachalam assents to the termination of their employment and wishes to appear on her own behalf. ECF Nos. 113, 116.

On August 15, 2018, Defendant filed an Opposition, arguing that although Dr. Arunachalam has consented to termination of counsel, "allowing counsel to withdraw would harm the administration of justice, prejudice the parties, abuse the resources of this Court, and significantly delay resolution of this matter." ECF No. 119.

Apparently in response to Presidio Bank's opposition, Dr. Arunachalam (on her own and not through counsel) filed a document titled "PLAINTIFF'S *(OPPRESSED)* RESPONSE/ PRAYER FOR FEDERAL CIRCUIT ACCESS TO 'TIMELY RESPOND' FOR FEDERAL CIRCUIT TO ADJUDICATE THE COURT'S SUBSTANTIVELY *(UNFAIR)* TECHNICAL ADMINISTRATIVE DISTINCTION *'EXTENDING HEARING DATE'* *(PREJUDICIALLY)* BY

3

1   *'UNCONSCIONABLE GAGGING ESTOPPEL'* RESTRAINING ANY PAPER FILINGS BY

2   PLAINTIFF' <u>WHILE</u>, ALLOWING DEFENDANT TO FILE PAPERS *(UNFAIRLY)*; <u>HERE</u>,

3   DEFENDANT'S *(INTERMEDDLING)* *'OPPOSITION TO MOTIONS TO WITHDRAW'*

4   IMPEDING <u>PROCEDURAL</u>, *'TIMELY INTEREST'* JUSTICE OBSTRUCTED FROM; <u>THIS</u>,

5   FRUSTRATING PREJUDICIAL EXTENSION/ SUSPENSION OF THE HEARING/CASE

6   *(OPPORTUNITY)* PARALELLING <u>THIS</u> [RETIRING.] COURT *(PREVIOUSLY RECUSING)*

7   ON THE SAME ISSUES." ECF No. 120 (brackets and all emphases in original). In her response,

8   Dr. Arunachalam states Defendant's "intermeddling" opposition "must be ignored" because its

9   "<u>Withdrawal Is (Procedurally) An (Unfettered) Administrative Process.</u>" *Id.* (emphasis and

10   parentheticals in original). Dr. Arunachalam argues that "<u>Under The Unique Circumstances Of

11   This Case, Permitting Plaintiff's Counsel (with no specialized expertise In Constitutional Or

12   Patent Law) To Withdraw Would Speed Up The Administration Of Justice Without Prejudicing

13   The Parties Nor Burdening The Court, As *Pro Se* Plaintiff/Inventor Dr. Arunachalam Is

14   Exceptionally Competent And Experienced In Arguing The Facts And The Law In This Case.</u>"

15   *Id.* (emphasis and parentheticals in original). Plaintiff further argues Defendant's counsel,

16   Candice Decaire, "has consistently demonstrated *prima facie* evidence of overt acts of treasonous

17   breach of her solemn oath of office to abide by the Supreme Law of the Land" and "is projecting

18   her own misconduct upon the genuine and exceptionally experienced and competent *pro se*

19   Plaintiff and inventor Dr. Arunachalam." *Id.*

20       On August 28, 2018, Judge James notified the parties of her retirement as of August 31,

21   2018, continued the hearings to October 4, 2018 before the newly-assigned judge, and ordered Dr.

22   Arunachalam's counsel to appear for the hearing. ECF No. 121. The case was then reassigned to

23   the undersigned on September 4, 2018. ECF No. 122.

24       On September 18, 2018, André E. Jardini and K.L. Myles filed a Reply, providing

25   additional grounds for withdrawal – namely that they disagree with Dr. Arunachalam as to how

26   this case should proceed and that differences of opinion and a lack of cooperative relationship

27

28

have led to a breakdown in the attorney-client relationship.[1]  ECF No. 123.

### III. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  "Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case."  *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).  "When addressing a motion to withdraw, the consent of the client is not dispositive."  *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)).  Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules.  *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

---

[1] The Court admonishes counsel that the Reply does not comply with the filing deadline established in Civil Local Rule 7.  However, the Court shall consider the Reply as it helps flesh out the reasoning behind counsel's motions.

5

## IV. DISCUSSION

After consideration of the above factors, the Court exercises its discretion and grants the motions. California Rule of Professional Conduct 3-700(C) provides several enumerated grounds under which counsel may properly seek to withdraw from a representation, including when "[t]he client knowingly and freely assents to termination of the employment." Cal. R. Prof. Conduct 3-700(C)(5). As Dr. Arunachalam has indicated her consent to counsels' withdrawal, ECF No. 120, this factor weighs in favor of withdrawal. However, the Court must still consider the possible prejudice that withdrawal may cause to Defendant, the harm that withdrawal might cause to the administration of justice, and the extent to which withdrawal will delay resolution of this case.

Pi-Net and Dr. Arunachalam, both represented by the same counsel of record in this case, have filed dozens of suits against various financial institutions alleging infringement of the '492 and '500 patents. This case alone was related on July 8, 2013 to several other cases filed by Pi-Net in this District, *see* ECF No. 46, and then stayed pending final resolution of inter partes review proceedings. ECF No. 74. The PTAB issued Final Written Decisions finding all of the challenged claims of the patents to be unpatentable on September 18, 2014. *See In re Arunachalam*, 709 F. App'x 699, 701-02 (Fed. Cir. 2017).[2] The Federal Circuit dismissed Dr. Arunachalam's appeals, finding she was collaterally estopped from challenging the PTAB's determination of invalidity because the patents already had been found invalid. *See In re Arunachalam*, 709 F. App'x 699, 701-02 (Fed. Cir. 2017). Plaintiff's petition for a writ of certiorari to the Supreme Court and her petition for rehearing at the Supreme Court were denied. *Arunachalam v. JPMorgan Chase & Co.*, 136 S. Ct. 1403 (U.S. Mar. 7, 2016) and 136 S. Ct. 856 (U.S. Jan. 11, 2016).

Despite this procedural history, Dr. Arunachalam (on her own behalf and not through counsel of record) has filed, among other documents, a "Plaintiff's Statement for Joint Case Management Statement," in which she indicated her intention to pursue infringement allegations which the Federal Circuit has already addressed and set out a litany of additional purported claims that are not part of the Complaint in this case, including fraud, discrimination, civil rights

---

[2] The Court takes judicial notice of this and the other publicly-filed court documents referenced in this Order. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

6

violations, conspiracy, and treason claims relating to this and other cases Dr. Arunachalam and/or Pi-Net filed in this court and in other jurisdictions. ECF No. 107. Dr. Arunachalam's additional allegations include allegations of fraud and collusion between Defendant's counsel and Judge Andrews of the District of Delaware for the alleged purpose of discriminating against her and allegations that Judge Andrews and "all co-conspirators" have committed "treason" and "waged war on the Constitution" by finding that her claims are baseless. *Id.* at 5-12, 22. Although this case was filed over six years ago, Dr. Arunachalam now seeks to add myriad claims not in the operative complaint, and it is clear that permitting counsel to withdraw could lead to prejudice to Defendant and likely not serve the Court's interest in conserving the resources of both the Court and the parties. This case is about alleged infringement of two patents, and the Court must consider the result that allows the most efficient resolution of those claims.

At the same time, the lack of a cooperative relationship between attorney and client may justify the attorney's withdrawal. *See* Cal. R. Prof. Conduct 3-700(C)(1)(d) (An attorney may request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) (granting withdrawal because, among other reasons, the plaintiff "failed to cooperate or communicate effectively with counsel"). Dr. Arunachalam's counsel indicates that "Plaintiff and counsel disagree on how this case should proceed" and "there are simply fundamental disagreements regarding further pursuit of plaintiff's patent claims that render counsel's further effective representation unreasonably difficult, if not impossible." Reply at 4-5. They further indicate: "Against the advice of counsel, plaintiff wishes to press forward with any good faith arguments that she may have, as she has in multiple matters across at least three separate jurisdictions. To movant's knowledge, the instant matter is the only litigation in which plaintiff is currently represented by counsel. Plaintiff is [sic] has been permitted to proceed in pro per in all of the others, and appears quite capable of representing her own interests." *Id.* at 5. The breakdown in the attorney-client relationship in this case also weighs in favor of granting withdrawal.

Defendant argues that "Plaintiff's conduct demonstrates that she very much needs counsel

7

to explain the effect of previous decisions and her options under the law." Opp'n at 5. However, the breakdown in Dr. Arunachalam and her counsels' relationship has led to a situation in which duplicative filings in this case have become the norm, with Dr. Arunachalam attempting to communicate with the Court as a "*pro se* plaintiff," regardless of the status of her representation. Although Defendant might prefer to communicate with counsel rather than Dr. Arunachalam, if the Court permits Dr. Arunachalam to represent herself, the Court and Defendant would not be overloaded with redundant paperwork that could result in undue delay. Further, granting the motions to withdraw will provide clarification as to the status of Dr. Arunachalam's representation in this matter. Under these circumstances, where counsel seeks to withdraw based on a breakdown in the attorney-client relationship and where Dr. Arunachalam consents to withdrawal, the Court finds withdrawal appropriate.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** counsels' motions to withdraw.

**IT IS SO ORDERED.**

Dated: September 19, 2018

THOMAS S. HIXSON
United States Magistrate Judge