UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br>Plaintiff,<br>v.<br>PRESIDIO BANK,<br>Defendant. | Case No. 12-cv-04962-TSH<br><br>**SUA SPONTE ORDER DISMISSING COMPLAINT** |

## I. INTRODUCTION

This case is about alleged infringement of two patents, but because the patents have now been declared invalid, the Court filed a notice of sua sponte intention to dismiss the case with prejudice. ECF No. 125. The Court provided Plaintiff Lakshmi Arunachalam the opportunity to file a memorandum in opposition to dismissal. *Id.* Dr. Arunachalam's Response (ECF No. 129) fails to assuage the Court's concerns that the complaint does not, and cannot, state a claim for relief. Accordingly, the Court hereby sua sponte **DISMISSES** Plaintiff's complaint **WITHOUT LEAVE TO AMEND**.

## II. BACKGROUND

This case was originally filed by Pi-Net International, Inc. on September 24, 2012. Compl., ECF No. 1. At the time, Pi-Net owned U.S. Patents Nos. 5,987,500 ("'500 Patent") and 8,108,492 ("'492 Patent). *Id.* ¶¶ 8-9. Pi-Net claimed infringement of the '500 and '492 Patents by Defendant Presidio Bank and sought both money damages and a permanent injunction of its allegedly infringing activities. *Id.* ¶¶ 16-29.

On June 28, 2013, Defendant moved to stay the case pending outcome of inter partes review of the patents in the United States Patent and Trademark Office. ECF No. 44. The judge

1  assigned to this case at the time, Magistrate Judge Paul Grewal, stayed the case on October 17,
2  2013. ECF No. 74. The parties then filed six joint status reports from December 12, 2013 through
3  March 19, 2015. ECF Nos. 75-80. According to the March 19 report, Dr. Arunachalam filed a
4  Notice before the Patent Trial and Appeal Board ("PTAB") indicating Pi-Net assigned the '500
5  and '492 Patents to Dr. Arunachalam. ECF No. 80. The parties also indicated the PTAB issued a
6  Final Written Decision on each patent on September 18, 2014, finding claims 1-6, 10-12, 14-17,
7  and 35 of the '500 Patent and claims 1-8 and 10-12 of the '492 Patent are unpatentable. *Id.*

8  On May 1, 2015, Pi-Net and Dr. Arunachalam moved to substitute parties under Federal
9  Rule of Civil Procedure 25(c), stating Pi-Net assigned title to the '500 and '492 patents to Dr.
10 Arunachalam as the inventor, and Dr. Arunachalam was therefore the proper party to proceed in
11 this action. ECF No. 81. On May 18, 2015, Magistrate Judge Grewal granted the motion. ECF
12 No. 84. Judge Grewal resigned from the court on June 3, 2016, after which the case was
13 reassigned to Magistrate Judge Maria-Elena James. ECF No. 86.

14 On June 15, 2018, Defendant filed a Status Report Letter, indicating the PTAB found in
15 Final Written Decisions that the challenged patent claims were unpatentable. ECF No. 98.
16 Defendant also indicated Dr. Arunachalam's appeals of those decisions to the Federal Circuit had
17 been dismissed. *Id.* Based on Defendant's filing, Magistrate Judge James ordered the parties to
18 file a joint status report indicating how they intended to proceed with the case. ECF No. 99. The
19 parties filed a Joint Status Report on July 9, 2018. ECF No. 100. In her portion, Dr. Arunachalam
20 states: "Plaintiff has an additional virgin patent, U.S. Patent No. 7,930,340 that may be relevant to
21 the instant litigation, and appears unaffected by the PTAB's Final Written Decision." *Id.* at 2.
22 Defendant's portion states: "Plaintiff's purported 'additional virgin patent' is entirely irrelevant to
23 this case," and notes that it asked Plaintiff to consider stipulating to dismissal of this case, but
24 "Plaintiff's counsel has indicated that Plaintiff is adamantly opposed to dismissal." *Id.* at 2-3.

25 Up until that point, Dr. Arunachalam had been represented by André E. Jardini and K.L.
26 Myles of Knapp, Petersen & Clarke, and Joseph Farzam of the Joseph Farzam Law Firm.
27 However, Dr. Arunachalam then began filing her own statements as a "*Pro Se* Plaintiff." *See* ECF
28 Nos. 102-03, 120. For example, in a July 9, 2018 Status Report (separate from the above Joint

1  Status Report filed by her counsel that same day), Dr. Arunachalam indicated the presiding judge
2  in another case she filed "WILLFULLY AND FRAUDULENTLY FAILED TO UPHOLD
3  PATENT PROSECUTION HISTORY ESTOPPEL DISPARATELY _ONLY_ IN PLAINTIFF'S
4  CASES" and participated in a conspiracy "denying access to justice." ECF No. 102 at 2.

5  On August 1, 2018, Jardini and Myles filed a motion to withdraw as counsel. ECF No.
6  113. Farzam filed his own motion to withdraw on August 3, 2018. ECF No. 116. Defendant filed
7  an Opposition to both motions. ECF No. 119. Apparently in response to Defendant's opposition,
8  Dr. Arunachalam filed a document titled "PLAINTIFF'S *(OPPRESSED)* RESPONSE/ PRAYER
9  FOR FEDERAL CIRCUIT ACCESS TO 'TIMELY RESPOND' FOR FEDERAL CIRCUIT TO
10 ADJUDICATE THE COURT'S SUBSTANTIVELY *(UNFAIR)* TECHNICAL
11 ADMINISTRATIVE DISTINCTION _'EXTENDING HEARING DATE'_ *(PREJUDICIALLY)* BY
12 _'UNCONSCIONABLE GAGGING ESTOPPEL'_ RESTRAINING ANY PAPER FILINGS BY
13 PLAINTIFF' _WHILE_, ALLOWING DEFENDANT TO FILE PAPERS *(UNFAIRLY)*; _HERE_,
14 DEFENDANT'S *(INTERMEDDLING)* _'OPPOSITION TO MOTIONS TO WITHDRAW'_
15 IMPEDING _PROCEDURAL_, *'TIMELY INTEREST'* JUSTICE OBSTRUCTED FROM; _THIS_,
16 FRUSTRATING PREJUDICIAL EXTENSION/ SUSPENSION OF THE HEARING/CASE
17 *(OPPORTUNITY)* PARALELLING _THIS_ [RETIRING.] COURT *(PREVIOUSLY RECUSING)*
18 ON THE SAME ISSUES." ECF No. 120 (brackets and all emphases in original).

19 While the motions to withdraw remained pending, Magistrate Judge James notified the
20 parties of her retirement as of August 31, 2018, ECF No. 121, after which the case was reassigned
21 to the undersigned, ECF No. 122.

22 On September 19, 2018, the Court granted counsels' motions to withdraw based on Dr.
23 Arunachalam's desire to represent herself and counsels' representation that they disagreed with
24 Dr. Arunachalam as to how this case should proceed, and that differences of opinion and a lack of
25 cooperative relationship had led to a breakdown in the attorney-client relationship. ECF No. 124.
26 That same day, the Court filed a notice of sua sponte intention to dismiss Dr. Arunachalam's
27 complaint with prejudice given that the complaint asserted infringement of patents that had been
28 found invalid. ECF No. 125. The Court granted Plaintiff until October 3, 2018 to file a written

memorandum in opposition to dismissal. *Id.* at 2.

On October 3, 2018, Dr. Arunachalam filed her Opposition to Sua Sponte Dismissal, arguing, among other things, that: the patent prosecution history "<u>established my patent claims valid</u>"; "the (corrupting-revolving door) USPTO/PTAB; its (collusively closed door) Certified Patent Attorney Members, Federal Judges and PTAB Administrative Judges (with or without financial interest in Corporate Defendants' stock.)" formed a "Corrupt Public Enterprise" to "successfully pull[] off a Decades-Long Unlawful Public Anti-Trust Conspiracy to Rescind Government Issued Contract Grants"; and the Court "<u>must adjudicate that: AIA reexaminations and *Oil States* are unconstitutional.</u>" ECF No. 129 at 2, 3, 15 (emphasis in original).

### III. LEGAL STANDARD

"'A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)). The district court "must give notice of its sua sponte intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Id.* (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)). However, a court may properly dismiss an action sua sponte without giving a plaintiff notice of its intention to dismiss and an opportunity to respond if a plaintiff "cannot possibly win relief." *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar*, 813 F.2d at 991; *Wong*, 642 F.2d at 362.

The Court may also dismiss a complaint sua sponte for failure to comply with Federal Rule of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ( "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the

4

essential functions of a complaint."). Moreover, while pro se pleadings are interpreted liberally, they still must meet a minimum threshold that provides defendants sufficient notice of the allegations against them. *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## IV. DISCUSSION

Having reviewed Dr. Arunachalam's opposition to dismissal, the Court finds that none of her arguments address the fact that her complaint seeks damages for Defendant's alleged infringement of the '500 and '492 Patents, yet those patents have already been declared invalid.

Issue preclusion, also known as collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In patent cases, the law of the circuit in which the district court sits is controlling with regard to general principles of issue preclusion, although Federal Circuit law governs those "aspects of the collateral estoppel analysis that are particular to patent law." *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1353 (Fed. Cir. 2017). Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)).

All three requirements are met in this case. As mentioned above, this case was stayed pending final resolution of inter partes review proceedings evaluating patentability of the '492 and '500 Patents. ECF No. 74. The PTAB issued Final Written Decisions on September 18, 2014, finding all the challenged claims of the patents to be unpatentable. *See Sap Am., Inc., Petitioner*, IPR2013-00194, 2014 WL 4716234 (Sept. 18, 2014) ('492 patent); *Sap Am., Inc., Petitioner*, IPR2013-00195, 2014 WL 4716235 (Sept. 18, 2014) ('500 patent). Four months earlier, on May 14, 2014, Judge Sue L. Robinson of the United States District Court for the District of Delaware also declared the asserted claims invalid in a case brought by Pi-Net in that court. *See Pi-Net Int'l*

*Inc. v. JPMorgan Chase & Co.*, 42 F. Supp. 3d 579, 588-94 (D. Del. 2014) (deeming claims invalid as indefinite, for lack of enablement, and for lack of written description). The Federal Circuit subsequently dismissed Dr. Arunachalam's appeals on October 3, 2017, finding she was collaterally estopped from challenging the PTAB's determination of invalidity because the patents already had been found invalid in District Court. *See In re Arunachalam*, 709 F. App'x 699, 701-02 (Fed. Cir. 2017). Accordingly, the doctrine of issue preclusion prevents Dr. Arunachalam from pursuing patent infringement claims for these two patents that have been declared invalid.

As to Dr. Arunachalam's argument that "the (corrupting-revolving door) USPTO/PTAB; its (collusively closed door) Certified Patent Attorney Members, Federal Judges and PTAB Administrative Judges (with or without financial interest in Corporate Defendants' stock.)" formed a "Corrupt Public Enterprise" to "successfully pull[] off a Decades-Long Unlawful Public Anti-Trust Conspiracy to Rescind Government Issued Contract Grants," the Court construes this as a challenge to the constitutionality of inter partes review. However, the Court rejects this argument in view of the Supreme Court's decision in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, __ U.S. __, 138 S. Ct. 1365, 1373-74 (2018) (holding that inter partes review proceedings do not violate a patent owner's constitutional rights because patents are the grant of a public franchise). Accordingly, this argument is without merit and dismissal is appropriate.

## V. CONCLUSION

For the reasons stated above, the Court sua sponte **DISMISSES** the Complaint **WITH PREJUDICE**. The Court shall enter a separate judgment and the Clerk shall terminate this case.

**IT IS SO ORDERED.**

Dated: October 4, 2018

THOMAS S. HIXSON
United States Magistrate Judge